COURT OF APPEALS
DECISION
DATED AND FILED

June 2, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP411-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2017CF289**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DECARLOS K. CHAMBERS,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before Brash, P.J., Dugan and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Decarlos K. Chambers appeals a judgment convicting him after a jury trial of second-degree reckless homicide with a

dangerous weapon, as a party to a crime, and unlawful possession of a firearm by a person previously adjudicated delinquent of a felony. He also appeals an order denying his postconviction motion. Chambers argues that he should be granted a new trial because his trial counsel impermissibly conceded his guilt to the jury during the closing argument without his consent. We affirm.

¶2 Chambers was charged with first-degree reckless homicide and unlawful possession of a firearm for the shooting death of Kyle Weary, who was killed in front of Chambers' home. Weary was found on the ground with a gun in his hand. The State argued that Chambers killed Weary in a dispute over money and shoes. Chambers' theory of defense was that he was not present when the murder occurred. The jury convicted Chambers of the lesser-included offense of second-degree reckless homicide. The jury also convicted him of unlawful possession of a firearm.

¶3 Chambers argues that his trial counsel conceded his guilt during closing argument without his permission. He contends that this violated his Sixth Amendment right "to insist that counsel refrain from admitting [his] guilt." *See McCoy v. Louisiana*, 138 S. Ct. 1500, 1508-09 (2018) (the decision whether to assert innocence as a defense must be made by the defendant, not counsel). Chambers points to the following portion of trial counsel's closing statement in support of his argument:

> But the jury instruction tells you to all see if you can agree on first-degree reckless. And only if you can't, then you should go to the second part, which is second-degree reckless, right?
>
> Second-degree reckless is also criminally reckless conduct. Which I think everybody would agree that should you have a gun, shooting in the direction of a house or a person, is criminally reckless conduct.

And I think that under these circumstances, the second-degree reckless—that does not include utter disregard for human life is something you should consider. There's an actual description.

And the jury instructions from the judge say the difference between first and second-degree reckless homicide is that first-degree requires a proof of one additional element. Circumstances of conduct showed utter disregard for human life.

So again, shooting a gun in the dark, when somebody [else] is shooting a gun already, and it's clear that the … evidence [shows] that there [are] overlapping shots, right? It's not like one person or one gun shoots and then stops, and then another gun shoots. [These facts] do[] not support first-degree reckless homicide.

¶4      We reject Chambers' argument that his counsel impermissibly conceded Chambers' guilt without his permission. We agree with the circuit court's analysis and conclusion. As the circuit court aptly explained:

A review of counsel's complete closing argument does not lead to a conclusion that counsel conceded guilt on the lesser included offense of second[-]degree reckless homicide. In reading the entirety of the argument, the court perceives counsel as taking the jury by the hand step by step through the jury instructions and showing the jury how party to a crime/aider and abettor didn't really apply to the case; how the elements of first[-]degree reckless homicide didn't really pertain because "*whoever shot [the victim]* is [shooting] at night, in the dark, in the rain, a distance away … [a]nd it is under circumstances that are so confusing and so not clearly utter disregard for human life…;" and how the jurors should only go on to the second[-]degree reckless homicide instruction if they can't agree on first[-]degree reckless homicide…. Even though counsel commented that second[-]degree reckless homicide more aptly described the situation, she also posited the question whether there was really sufficient evidence beyond a reasonable doubt that the defendant was the one who actually committed the crime…. She concluded by insisting that there were things that didn't add up to "lead you to what I think is a reasonable conclusion that there's not sufficient evidence beyond a reasonable doubt to convict[.]"

> …[N]owhere does trial counsel concede that the defendant was guilty at any point during the case, and nowhere does she say that the defendant was the shooter or that he was present during the shooting. This does not line up with the factual scenario set forth in *McCoy* where counsel essentially conceded his client's guilt from beginning to end.

(Emphasis in original; some brackets and ellipses added.)

¶5　　Trial counsel's closing argument, read in its entirety, shows that trial counsel did not concede Chambers' guilt. Rather, counsel reviewed the jury instructions with the jury and argued that he was not guilty of first-degree reckless homicide because there was no evidence to show utter disregard for human life, while nevertheless maintaining that he did not commit the crime. Therefore, we affirm the judgment of conviction and the circuit court's order denying Chambers' motion for a new trial.

　　*By the Court.*—Judgment and order affirmed.

　　This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

4